UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | CRIMINAL NO. 3:17-640 |
| ) | 21 USC § 846 |
| ) | 21 USC § 841(a)(1) |
| vs. ) | 21 USC § 841(b)(1)(A) |
| ) | 21 USC § 841(b)(1)(B) |
| JAMES DENNIS SMITH, Jr. ) | 21 USC § 841(b)(1)(D) |
| BRYON RYE ) | 18 USC § 924(c)(1)(A) |
| CARL RYE ) | 18 USC § 924(d) |
| COURTNEY HENRY ) | 18 USC § 1956(h) |
| ) | 18 USC § 982(a)(1) |
| ) | 21 USC § 853 |
| ) | 21 USC § 881 |
| ) | 28 USC § 2461(c) |
| ) | |
| ) | **Superseding Indictment** |

COUNT 1

THE GRAND JURY CHARGES:

That beginning at a time unknown to the Grand Jury, but beginning at least in or around 2010, and continuing thereafter, up to and including the date of this Superseding Indictment, in the District of South Carolina and elsewhere, the defendants, JAMES DENNIS SMITH, Jr., BRYON RYE, CARL RYE, COURTNEY HENRY,

knowingly and intentionally did combine, conspire, and agree and have a tacit understanding with others, both known and unknown to the Grand Jury, to knowingly, intentionally, and unlawfully distribute and possess with intent to distribute marijuana, a Schedule I controlled substance:

a. With respect to JAMES DENNIS SMITH, Jr., the amount
   involved in the conspiracy attributable to him as a result

of his own conduct, and the conduct of other conspirators reasonably foreseeable to him, is 100 kilograms or more of marijuana, in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(B);

b. With respect to BRYON RYE, the amount involved in the conspiracy attributable to him as a result of his own conduct, and the conduct of other conspirators reasonably foreseeable to him, is 100 kilograms or more of marijuana, in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(B);

c. With respect to CARL RYE, the amount involved in the conspiracy attributable to him as a result of his own conduct, and the conduct of other conspirators reasonably foreseeable to him, is 100 kilograms or more of marijuana, in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(B);

d. With respect to COURTNEY HENRY, the amount involved in the conspiracy attributable to him as a result of his own conduct, and the conduct of other conspirators reasonably foreseeable to him, is a quantity of marijuana, in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(D);

e. With respect to                    , the amount involved in the conspiracy attributable to him as a result of his

own conduct, and the conduct of other conspirators reasonably foreseeable to him, is 1000 kilograms or more of marijuana, in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(A);

f. With respect to          , the amount involved in the conspiracy attributable to him as a result of his own conduct, and the conduct of other conspirators reasonably foreseeable to him, is 100 kilograms or more of marijuana, in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(B);

All in violation of Title 21, United States Code, Section 846.

## COUNT 2

THE GRAND JURY FURTHER CHARGES:

That on or about June 21, 2017, in the District of South Carolina and elsewhere, the defendant, JAMES DENNIS SMITH, Jr., did knowingly possess a firearm in furtherance of, and use and carry a firearm during and in relation to, a drug trafficking crime which is prosecutable in a court of the United States;

In violation of Title 18, United States Code, Section 924(c)(1)(A).

## COUNT 3

THE GRAND JURY FURTHER CHARGES:

That on June 17, 2017, in the District of South Carolina, the defendant, COURTNEY HENRY, did knowingly possess firearms in furtherance of, and use and carry firearms during and in relation to, a drug trafficking crime which is prosecutable in a court of the United States;

In violation of Title 18, United States Code, Section 924(c)(1)(A).

## COUNT 4

THE GRAND JURY FURTHER CHARGES:

That beginning at a time unknown to the Grand Jury, but beginning at least as early as 2010, and continuing thereafter, up to and including the date of this Superseding Indictment, in the District of South Carolina and elsewhere, the defendants,

, knowingly and willfully did combine, conspire, agree and have a tacit understanding with others, both known and unknown to the Grand Jury, to conduct and attempt to conduct financial transactions affecting interstate and foreign commerce, which in fact involved the proceeds of specified unlawful activity, that is, narcotics trafficking, knowing that the property involved in the financial transactions represented the proceeds of some form of unlawful activity, and further knowing that the transactions were intended to promote the carrying on of specified unlawful activity, in violation of Title 18, United States Code, Section 1956(a)(1)(A)(i);

All in violation of Title 18, United States Code, Section 1956(h).

## FORFEITURE

FIREARM/DRUG OFFENSES:

Upon conviction for felony violations of Title 18 and 21, United States Code as charged in this Superseding Indictment, the defendants, **JAMES DENNIS SMITH, Jr., BRYON RYE, CARL RYE, COURTNEY HENRY,** shall forfeit to the United States all of the defendants' right, title and interest in and to any property, real and personal,

(a) constituting, or derived from any proceeds the defendants obtained, directly or indirectly, as the result of such violation(s) of Title 21, United States Code, and all property traceable to such property;

(b) used or intended to be used, in any manner or part, to commit or to facilitate the commission of such violations of Title 21, United States Code;

(c) any firearms and ammunition (as defined in 18 U.S.C. § 921) –

    (1) used or intended to be used to facilitate the transportation, sale, receipt, possession or concealment of controlled substances or any proceeds traceable to such property;

    (2) involved in or used in any knowing violations of 18 U.S.C. §§ 922 and 924, or violation of any other criminal law of the United States, or intended to be used in a crime of violence;

MONEY LAUNDERING:

Upon conviction for violations of Title 18, United States Code, Sections 1956 as charged in this Superseding Indictment, the defendants,                          , shall forfeit to the United States any property, real or personal, constituting, derived from or traceable to proceeds the defendants obtained directly or indirectly as a result of such offenses and any property, real or personal, involved in a transaction or attempted transaction in violation of 18 U.S.C. § 1956, as charged in the Superseding Indictment, or any property traceable to the offense.

PROPERTY:

Pursuant to Title 18, United States Code, Sections 924(d) and 982(a)(1), Title 21, United States Code, Sections 853 and 881, and Title 28, United States Code, Section 2461(c), the property which is subject to forfeiture upon conviction of the defendants' for offenses charged in this Superseding Indictment includes, but is not limited to, the following:

> Proceeds/Money Judgment:
>
> A sum of money equal to all property the defendants obtained as a result of the drug offenses charged in the Superseding Indictment, that is, a minimum of $3,400,000.00 in United States currency, and all interest and proceeds traceable thereto as a result for their violations of 21 U.S.C. §§ 841 and 846 and/or a sum of money equal to all property involved in the money laundering offense charged in the Superseding Indictment, and all interest and proceeds traceable thereto, for which the defendants are liable as the result of their violations of 18 U.S.C. § 1956.

Real Property:

1. 260 Shoreline Drive
   Columbia, South Carolina 29212
   Titled in the name of: Yarbird Holdings, LLC

Building Eighteen (18), Unit Number Two Hundred Sixty (260) in Yacht Cove Horizontal Property Regime, Lexington County, South Carolina, a horizontal property regime established by Yacht Cove Associates pursuant to the South Carolina Horizontal Property Act, Section 57-494, et seq, South Carolina Code of Laws, as amended, and submitted by Master Deed dated January 7, 1975, recorded in the ROD Office for Lexington County in Deed Book 52 at Page 139, which Unit is shown on Exhibit C attached to the Master Deed. Said Unit is conveyed together with: 1) an undivided percentage in common areas and facilities of the property described in the Master Deed attributable to the Unit: 2) all easements, conditions, restrictions and agreements as set forth in the Master Deed, By-laws and any modifications and exhibits thereto.

This being the same property conveyed to Kathryn T. Knibbs, Richard T. Knibbs and Kristine Anne Paulat Northeimer who received title by Deed of Distribution of the Estate of John Cobb Turk dated June 23, 2014 and recorded June 27, 2014 in Book 17039 at page 135 in the Office of the Register of Deeds for Lexington County, South Carolina.

TMS #: 002617-01-0833

2. 3905 Rosewood Drive
   Columbia, South Carolina 29205
   Titled in the name of: Bryon W. Rye

All that certain piece, parcel or lot of land, with the improvements thereon, situate, lying and being on the Northern side of Rosewood Drive, in the City of Columbia, County of Richland, State of South Carolina, the same being shown as Lot No. 3 on plat of Estate of D. B. Ott, made by J. C. Covington, dated May 14, 1948 and recorded in the Office of the Clerk of Court for Richland County in Plat Book N, page 32, and having the following measurements and boundaries, to wit: bounded on the

North by portions of lots numbers 19 and 20 on said plat, measuring thereon Sixty-five (65) feet, more or less; bounded on the East by property now or formerly of Pleasants, measuring thereon One Hundred Sixty (160) feet, more or less; bounded on the South by the said Rosewood Drive, measuring thereon Sixty-five (65) feet, more or less; and bounded on the West by Lot No. 4 on said plat, measuring thereon One Hundred Sixty (160) feet, more or less.

This conveyance is made subject to any and all existing reservations, easements, right-of-way, zoning ordinances, and restrictive or protective covenants that may appear of record or on the premises.

Derivation: This being the same property most recently conveyed to David Bruce Metts and Jay Douglas Metts by Deed of Distribution from the Estate of Jay Dee Metts dated 10/20/04 and recorded 10/20/04 in Book 989 at page 1176.

TMS #: 13806-08-17

Vehicles/Air Craft:

1. 2013 Toyota Camry
   VIN: 4T1BK1FK0DU020583
   Seized from: Carl O'Neal Rye
   Asset ID: 17-DEA-632362

2. 1995 Chevrolet Corvette ZR1
   VIN: 1G1YY22P2S5101248
   Seized from: Bryon Wesley Rye
   Asset ID: 17-DEA-632367

3. 2005 Chevrolet Silverado C1500
   VIN: 2GCEC13T551119778
   Seized from: Bryon Wesley Rye
   Asset ID: 17-DEA-632361

4. 2014 Ford F350 King Cab
   VIN: 1FT8W3BT9EEA14810
   Seized from: James Dennis Smith, Jr.
   Asset ID: 17-DEA-632430

5. 2004 Dodge Neon
   VIN: 1B3ES66SX4D502073
   Seized from: Courtney Clarke Henry
   Asset ID: 17-DEA-632406

6. 2014 Diamond Cargo 8.5 x 20 TA Utility Trailer
   VIN: 53NBE2023E1022393
   Seized from: Courtney Clarke Henry
   Asset ID: 17-DEA-632336

7. 2016 Dodge Ram 2500
   VIN: 3C6UR5FL4GG247301
   Seized from: Courtney Clarke Henry
   Asset ID: 17-DEA-632332

8. 1970 Cessna 401B Aircraft
   Serial No. 401B0038
   Seized from: James Dennis Smith, Jr.
   Asset ID: 17-DEA-632286

Cash/United States currency/Euros:

1. $38,483.00 in United States currency
   Seized from: Courtney Clarke Henry
   Asset ID: 17-DEA-632146

2. $10,593.00 in United States currency
   Seized from: James Dennis Smith, Jr.
   Asset ID: 17-DEA-632283

3. $119,430.00 in United States currency
   Seized from: James Dennis Smith, Jr.
   Asset ID: 17-DEA-632190

4. $155,950.00 in United States currency
   Seized from: James Dennis Smith, Jr.
   Asset ID: 17-DEA-632131

5. $84,960.00 in United States currency
   Seized from: Bryon Wesley Rye
   Asset ID: 17-DEA-632209

6. $12,000.00 in United States currency
   Seized from: Bryon Wesley Rye
   Asset ID: 17-DEA-632298

    7.    $2,540.00 Euros, U.S. currency value: $2,687.14
           Seized from: James Dennis Smith, Jr.
           Asset ID: 17-DEA-632289

Watch:

    1.    Rolex: 16610 T Submariner watch
           Seized from: James Dennis Smith, Jr.
           Asset ID: 17-DEA-632375

SUBSTITUTION OF ASSETS:

If any of the property described above as being subject to forfeiture, as a result of any act or omission of the defendants:

    (a)    cannot be located upon the exercise of due diligence;
    (b)    has been transferred or sold to, or deposited with, a third person;
    (c)    has been placed beyond the jurisdiction of the Court;
    (d)    has been substantially diminished in value; or
    (e)    has been commingled with other property which cannot be subdivided without difficulty:

    1.    1995 Chevrolet Corvette ZR1
           VIN: 1G1YY22P2S5101248
           Seized from: Bryon Wesley Rye
           Asset ID: 17-DEA-632367

    2.    2014 Diamond Cargo 8.5 x 20 TA Utility Trailer
           VIN: 53NBE2023E1022393
           Seized from: Courtney Clarke Henry
           Asset ID: 17-DEA-632336

    3.    Rolex: 16610 T Submariner watch
           Seized from: James Dennis Smith, Jr.
           Asset ID: 17-DEA-632375

    4.    $2,540.00 Euros, U.S. currency value: $2,687.14
           Seized from: James Dennis Smith, Jr.
           Asset ID: 17-DEA-632289

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p) to seek forfeiture of any other

property of defendants up to an amount equivalent to the value of the above-described forfeitable property;

Pursuant to Title 18, United States Code, Sections 924(d) and 982(a)(1), Title 21, United States Code, Sections 853 and 881, and Title 28, United States Code, Section 2461(c).

A \_\_\_\_True\_\_\_\_ Bill

FOREPERSON

*[signature]*
BETH DRAKE (bng)
UNITED STATES ATTORNEY