IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | Criminal No: 3:17-640-MGL |
| v. | **PLEA AGREEMENT** |
| JAMES DENNIS SMITH, JR. | |

### General Provisions

This PLEA AGREEMENT is made this 15th day of May, 2019, between the United States of America, as represented by William P. Barr, Attorney General of the United States, United States Attorney Byung J. Pak, Special Assistant United States Attorney Sandra E. Strippoli, the Defendant, JAMES DENNIS SMITH, JR., and Defendant's attorney, Gregory P. Harris.

IN CONSIDERATION of the mutual promises made herein, the parties agree as follows:

1. The Defendant agrees to plead guilty to Count 1 and 2 of the Superseding Indictment, now pending, with Count 1 charging "Conspiracy to Possess with Intent to Distribute and to Distribute a 100 kilograms or more of Marijuana," a violation of Title 21, United States Code, §§ 841(a)(1), 841(b)(1)(B), and 846. Count 2 charges knowingly using and carrying a firearm during and in relation to, or possessing a firearm in furtherance of, a drug trafficking crime, a violation of Title 18, United States Code, § 924(c)(1)(A).

1



In order to sustain its burden of proof, the Government is required to prove the following:

### Count 1

(1) The conspiracy described in the Indictment to distribute a quantity of controlled substances was willfully formed and was existing at or about the alleged time;

(2) The defendant willfully became a member of the conspiracy; and

(3) The defendant distributed a quantity of a controlled substances as charged in Count 1, agreed to assist in the distribution of a quantity of controlled substances as charged in Count 1, or the distribution of a quantity of controlled substances as charged in Count 1 was reasonably foreseeable to the defendant and same was within the scope of the defendant's agreement and understanding.

The penalty for this offense is:

21 USC 841(a)(1), (b)(1)(B) - in a case involving 100 kilograms or more of Marijuana and no prior felony drug convictions - a minimum term of imprisonment of 5 years and a maximum term of imprisonment of 40 years, no probation, no parole, a fine of $5,000,000 and a term of supervised release of at least four (4) years in addition to any term of imprisonment, plus a special assessment of $100.

### Count 2

(1) The defendant committed a drug trafficking crime; and

(2) The defendant knowingly used and carried a firearm during and in relation to, or possessed a firearm in furtherance of, a drug trafficking crime.

The penalty for this offense is:

18 USC 924(c)(1)(A)(i) - a term of imprisonment of not less than five (5) years consecutive to any other term of imprisonment, a maximum term of life imprisonment, ineligible for probation or suspension of sentence during the term of imprisonment imposed herein, a fine of

2



$250,000 and a term of supervised release of five (5) years in addition to any term of imprisonment, plus a special assessment of $100.

2. The Defendant understands and agrees that monetary penalties [i.e., special assessments, restitution, fines and other payments required under the sentence] imposed by the Court are due immediately and subject to enforcement by the United States as civil judgments, pursuant to 18 USC § 3613. The Defendant also understands that payments made in accordance with installment schedules set by the Court are minimum payments only and do not preclude the government from seeking to enforce the judgment against other assets of the defendant at any time, as provided in 18 USC §§ 3612, 3613 and 3664(m).

3. The Defendant further agrees to enter into the Bureau of Prisons Inmate Financial Responsibility Program if sentenced to a term of incarceration with an unsatisfied monetary penalty. The Defendant further understands that any monetary penalty imposed is not dischargeable in bankruptcy.

    A. Special Assessment: Pursuant to 18 U.S.C. §3013, the Defendant must pay a special assessment of $100.00 for each felony count for which he/she is convicted. This special assessment must be paid at or before the time of the guilty plea hearing.



B. Restitution: The Defendant agrees to make full restitution under 18 U.S.C. § 3556 in an amount to be determined by the Court at the time of sentencing, which amount is not limited to the count(s) to which the Defendant pled guilty, but will include restitution to each and every identifiable victim who may have been harmed by his/her scheme or pattern of criminal activity, pursuant to 18 U.S.C. § 3663. The Defendant agrees to cooperate fully with the Government in identifying all victims.

C. Fines: The Defendant understands that the Court may impose a fine pursuant to 18 U.S.C. §§ 3571 and 3572.

4. The Defendant understands that the obligations of the Government within the Plea Agreement are expressly contingent upon the Defendant's abiding by federal and state laws and complying with any bond executed in this case. In the event that the Defendant fails to comply with any of the provisions of this Agreement, either express or implied, the Government will have the right, at its sole election, to void all of its obligations under this Agreement and the Defendant will not have any right to withdraw his/her plea of guilty to the offense(s) enumerated herein.

### Cooperation and Forfeiture

5. The Defendant agrees to be fully truthful and forthright with federal, state and local law enforcement agencies by providing full, complete and

4



truthful information about all criminal activities about which he/she has knowledge. The Defendant must provide full, complete and truthful debriefings about these unlawful activities and must fully disclose and provide truthful information to the Government including any books, papers, or documents or any other items of evidentiary value to the investigation. The Defendant must also testify fully and truthfully before any grand juries and at any trials or other proceedings if called upon to do so by the Government, subject to prosecution for perjury for not testifying truthfully. The failure of the Defendant to be fully truthful and forthright at any stage will, at the sole election of the Government, cause the obligations of the Government within this Agreement to become null and void. Further, it is expressly agreed that if the obligations of the Government within this Agreement become null and void due to the lack of truthfulness on the part of the Defendant, the Defendant understands that:

    a.    the Defendant will not be permitted to withdraw his/her plea of guilty to the offenses described above;

    b.    all additional charges known to the Government may be filed in the appropriate district;

    c.    the Government will argue for a maximum sentence for the offense to which the Defendant has pleaded guilty; and

    d.    the Government will use any and all information and testimony provided by the Defendant pursuant to this

5



Agreement, or any prior proffer agreements, in the prosecution of the Defendant of all charges.

6. The Defendant agrees to submit to such polygraph examinations as may be requested by the Government and agrees that any such examinations shall be performed by a polygraph examiner selected by the Government. Defendant further agrees that his/her refusal to take or his/her failure to pass any such polygraph examination to the Government's satisfaction will result, at the Government's sole discretion, in the obligations of the Government within the Agreement becoming null and void.

7. The Government agrees that any self-incriminating information provided by the Defendant as a result of the cooperation required by the terms of this Agreement, although available to the Court, will not be used against the Defendant in determining the Defendant's applicable guideline range for sentencing pursuant to the U.S. Sentencing Commission Guidelines. The provisions of this paragraph shall not be applied to restrict any such information:

   a. known to the Government prior to the date of this Agreement;

   b. concerning the existence of prior convictions and sentences;

   c. in a prosecution for perjury or giving a false statement; or

   d. in the event the Defendant breaches any of the terms of the Plea Agreement or



e. used to rebut any evidence or arguments offered by or on behalf of the Defendant (including arguments made or issues raised sua sponte by the District Court) at any stage of the criminal prosecution (including bail, trial, and sentencing).

8. Provided the Defendant cooperates pursuant to the provisions of this Plea Agreement, and that cooperation is deemed by the Government as providing substantial assistance in the investigation or prosecution of another person, the Government agrees to move the Court for a downward departure or reduction of sentence pursuant to United States Sentencing Guidelines § 5K1.1, Title 18, United States Code, § 3553(e) or Federal Rule of Criminal Procedure 35(b). Any such motion by the Government is not binding upon the Court, and should the Court deny the motion, the Defendant will have no right to withdraw his/her plea.

9. The parties agree that defendant breached a proffer agreement dated on or about June 22, 2017 by failing a polygraph test administered on or about July 24, 2017. The Government agrees to use Defendant's statements made under the June 22, 2017 proffer letter against Defendant only to the extent of supporting a base offense level of 28 under USSG § 2D1.1.

10. The Defendant agrees to voluntarily surrender, abandon, and not to contest the forfeiture of any and all assets and property, and all portions thereof, which are subject to forfeiture pursuant to any provision of law,

7



including but not limited to, property in the possession or control of the Defendant or Defendant's nominees. Specifically, the Defendant agrees to voluntarily surrender, abandon, and not contest the forfeiture of property identified in the Indictment, the Superseding Indictment, and all Bills of Particulars for Forfeiture filed in this action, including but not limited to the following:

   a. The .223 caliber Spike's Tactical Model ST15 Pistol bearing serial number NSL061243;

   b. The 12 gauge Heckler & Kochi Model M1 Super 90 Shotgun bearing serial number M073367;

   c. The 5.56mm/.223 caliber CMMG Model MOD4 SA Pistol bearing serial number SA0692;

   d. The .357 caliber Ruger Model LCR Revolver bearing serial number 546-06034;

   e. The 9mm SIG Sauer Model P228 Pistol bearing serial number B24888;

   f. The .45 caliber Heckler & Koch (H&K) Model USP Compact Pistol bearing serial number 29-012085;

   g. The 12 gauge Benelli Model Black Eagle Shotgun bearing serial number F029326;

   h. The 7.62 mm FN Model SCAR17S Rifle bearing serial number HC25588;



i. The 5.56 SIG Sauer Model P556 Pistol bearing serial number TP002247;

j. The 12 gauge Kel-Tec Model KSG Shotgun bearing serial number XDT66;

k. The .357 caliber Smith & Wesson Model M&P Revolver bearing serial number CUW1056;

l. The 9mm Glock Model 19 Pistol bearing serial number VEV871;

m. The 9mm Glock Model 19 Pistol bearing serial number VEV877;

n. The 9mm Glock Model 19 Pistol bearing serial number BBBW683;

o. The 9mm Glock Model 19 Pistol bearing serial number ABYD636;

p. The Beretta shotgun bearing serial number M32810B;

q. The Sterling 9mm bearing serial number 52628;

r. The AK47 rifle bearing serial number 1981KM11560;

s. The Dragonov (upper Receiver) bearing serial number 300355;

t. The Remington 870 12 gauge shotgun seized at 905 Townsend Street in Ada, Oklahoma, on September 19, 2017; and

u. All ammunition seized in connection with this case.

The Defendant further agrees to waive and abandon all right, title, and interest in any and all other property seized in connection with this case at any time up to the date of this Agreement. Additionally, the Defendant agrees to voluntarily transfer all right, title, interest and claim in the property and/or assets described in this paragraph to the United States of America.

9



11. Except as set out in paragraph 11, with regard to each and every asset described by this Agreement or seized in a related investigation or administrative, state, or local action, the Defendant stipulates and agrees:

> The Defendant agrees and consents to the forfeiture of these assets pursuant to any federal criminal, civil judicial or administrative forfeiture action and not to take any action as to them that is inconsistent with the terms of this Agreement. The Defendant also hereby agrees to waive all constitutional, statutory and procedural challenges in any manner (including direct appeal, habeas corpus, or any other means) to any forfeiture carried out in accordance with this Plea Agreement on any grounds, including that the forfeiture described herein constitutes an excessive fine, was not properly noticed in the charging instrument, addressed by the Court at the time of the guilty plea, announced at sentencing, or incorporated into the judgment.
>
> The Defendant has or had a possessory interest or other legal interest in each item or property. The Defendant further warrants that he is the sole and rightful owner of each such item and property, that no person or entity has any interest therein, and that he has not transferred, conveyed, or encumbered his interest therein.
>
> The Defendant agrees to hold the United States and its agents and employees harmless from any claims made in connection with the seizure, forfeiture, or disposal of any property described by this Agreement.
>
> The Defendant waives all rights to notice of forfeiture under Rule 32.2 and of any other action or proceeding regarding such assets. The Defendant consents and waives all rights to compliance by the United States with any applicable deadlines under 18 U.S.C. § 983(a). Any related administrative claim filed by the Defendant is hereby withdrawn.
>
> The Defendant further agrees to make a full and complete disclosure of all assets over which Defendant exercises control and those which are held or controlled by nominees. The Defendant agrees that Federal Rule of Criminal Procedure 11 and U.S.S.G. § 1B1.8 will not protect from forfeiture, assets disclosed by the Defendant as part of his cooperation. The Defendant further agrees to submit to a



polygraph examination on the issue of assets if it is deemed necessary by the United States.

The Defendant agrees to waive any double jeopardy claims the Defendant may have as a result of a forfeiture proceeding against any of these properties as provided for by this Plea Agreement and agrees to waive any claims that the forfeiture described herein constitutes an excessive fine.

Forfeiture of the Defendant's assets shall not be treated as satisfaction of any fine, restitution, cost of imprisonment, or any other penalty the Court may impose upon the Defendant in addition to forfeiture. The United States may use the value of forfeited property for restitution, but is not required to do so.

12. Upon the District Court's acceptance of this plea agreement, the United States agrees to release to Defendant's counsel an Acer laptop (N-197), an Apple iPad (Exhibit N-192), an Apple iPhone (Exhibit N-193), an Apple iPad Mini (Exhibit N-163a), a Sirrus XM SXAR1 weather receiver (part of Exhibit N-163), the Stratus 2S Flight GPS (Exhibit N-163b), certain seized keys (Exhibit N-154), and an Apple Laptop (Exhibit N-159), at or before the sentencing of all defendants in this case.

### Merger and Other Provisions

13. The Defendant and the Government stipulate and agree to the following for purposes of calculating the Defendant's sentence pursuant to the United States Sentencing Commission Guidelines:

    a. The amount of Marijuana attributable to the Defendant is 700 kilograms or more but less than 1000 kilograms, which results in a base offense level of 28;

11



b. The defendant was neither a minor or minimal participant in the criminal activity. Therefore, the defendant should receive no downward role adjustment, pursuant to U.S.S.G. §§ 3B1.2.

c. The Defendant used a special skill as well as abused a position of trust and, therefore, should receive a 2-level enhancement pursuant to U.S.S.G. § 3B1.3.

d. The Government will recommend that the Defendant receive the two-level adjustment for acceptance of responsibility pursuant to Section 3E1.1 of the Sentencing Guidelines, and the additional one-level adjustment if the offense level is 16 or higher. However, the Government will not be required to recommend acceptance of responsibility if, after entering this Plea Agreement, the Defendant engages in conduct inconsistent with accepting responsibility. Thus, by way of example only, should the Defendant falsely deny or falsely attempt to minimize Defendant's involvement in relevant offense conduct, give conflicting statements about Defendant's involvement, fail to pay the special assessment, fail to meet any of the obligations set forth in the Financial Cooperation Provisions set forth below, or participate in additional criminal conduct, including unlawful personal use of a controlled substance, the Government will not be required to recommend acceptance of responsibility.



The Defendant understands that these stipulations are not binding upon the Court or the United States Probation Office, and that the Defendant has no right to withdraw his/her pleas should these stipulations not be accepted. Further, the Defendant understands and acknowledges that these stipulations are binding on the Government only in the event that the Defendant complies with ALL of the terms of this Agreement and does not contest any of the above stipulations or any readily provable relevant conduct.

14. The Defendant represents to the court that he/she has met with his/her attorney on a sufficient number of occasions and for a sufficient period of time to discuss the Defendant's case and receive advice; that the Defendant has been truthful with his/her attorney and related all information of which the Defendant is aware pertaining to the case; that the Defendant and his/her attorney have discussed possible defenses, if any, to the charges in the Indictment including the existence of any exculpatory or favorable evidence or witnesses, discussed the Defendant's right to a public trial by jury or by the Court, the right to the assistance of counsel throughout the proceedings, the right to call witnesses in the Defendant's behalf and compel their attendance at trial by subpoena, the right to confront and cross-examine the government's witnesses, the Defendant's right to testify in his/her own behalf, or to remain silent and have no adverse inferences drawn from his/her silence; and that the Defendant, with the advice of counsel, has weighed



the relative benefits of a trial by jury or by the Court versus a plea of guilty pursuant to this Agreement, and has entered this Agreement as a matter of the Defendant's free and voluntary choice, and not as a result of pressure or intimidation by any person.

15. The Defendant is aware that 18 U.S.C. § 3742 and 28 U.S.C. § 2255 afford every defendant certain rights to contest a conviction and/or sentence. Acknowledging those rights, the Defendant, in exchange for the concessions made by the Government in this Plea Agreement, waives the right to contest either the conviction or the sentence in any direct appeal or other post-conviction action, including any proceedings under 28 U.S.C. § 2255. This waiver does not apply to claims of ineffective assistance of counsel, prosecutorial misconduct, or future changes in the law that affect the Defendant's sentence. This agreement does not affect the rights or obligations of the Government as set forth in 18 U.S.C. § 3742(b), nor does it limit the Government in its comments in or responses to any post-sentencing matters.

16. The Defendant waives all rights, whether asserted directly or by a representative, to request or receive from any department or agency of the United States any records pertaining to the investigation or prosecution of this case, including without limitation any records that may be sought under the Freedom of Information Act, 5 U.S.C. § 552, or the Privacy Act of 1974, 5 U.S.C. § 552a.



17. The parties hereby agree that this Plea Agreement contains the entire agreement of the parties; that this Agreement supersedes all prior promises, representations and statements of the parties; that this Agreement shall not be binding on any party until the Defendant tenders a plea of guilty to the court having jurisdiction over this matter; that this Agreement may be modified only in writing signed by all parties; and that any and all other promises, representations and statements, whether made prior to, contemporaneous with or after this Agreement, are null and void.

_15 May 2019_
Date

_5/15/19_
Date

_____
JAMES DENNIS SMITH, JR., DEFENDANT

_____
GREGORY P. HARRIS, ATTORNEY

WILLIAM P. BARR
ATTORNEY GENERAL OF THE UNITED STATES

BYUNG J. PAK
UNITED STATES ATTORNEY

_May 22, 2019_
Date

_____
SANDRA E. STRIPPOLI
SPECIAL ASSISTANT UNITED STATES ATTORNEY